J-S24035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK CONLEY | : | |
| | : | |
| Appellant | : | No. 1192 WDA 2024 |

Appeal from the PCRA Order Entered August 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-002198-1990

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JACK CONLEY | : | |
| | : | |
| Appellant | : | No. 1193 WDA 2024 |

Appeal from the PCRA Order Entered August 8, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
Cp-25-CR-0002340-1990

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: August 20, 2025**

Jack Conley ("Conley") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

Given our disposition, a detailed factual and procedural recitation is unnecessary.  Briefly, in 1991, a jury found Conley guilty of one count each

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

of rape, indecent assault, and terroristic threats, and two counts each of burglary, and simple assault. His convictions arose from two separate home invasion/sexual assaults that he committed in 1990, which resulted in charges filed at two dockets. On June 5, 1991, the trial court sentenced Conley at both dockets to an aggregate term of thirty-five and one-half years to seventy-five years in prison. Conley did not appeal his judgments of sentence.

In 1993, Conley filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. In December 1993, the PCRA court denied the petition. Conley did not appeal the denial order.

Conely filed a second PCRA petition in 2001, which the PCRA court dismissed as untimely. This Court affirmed the dismissal order. *See Commonwealth v. Conley*, 1796 WDA 2001 (Pa. Super. 2002).

On June 8, 2024, Conley filed a *pro se* "Petition for Motion to Modify Sentence," which the court treated as his third PCRA petition. Therein, Conley asserted that he had been serving his sentence since 1990, he was not the same person as he was when he committed his crimes, and requested a sentence modification hearing. On June 25, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing on the basis that the petition was untimely and Conley had failed to plead or prove any exception to the PCRA's one-year time bar. Conley filed a *pro se* response to the notice. On August 8, 2024, the PCRA court entered an order

dismissing the petition. Conley filed a timely notice of appeal,[2] and both he and the PCRA court complied with Pa.R.A.P. 1925.[3]

Conley raises the following issues for our review:

1. Did the [PCRA] court err in denying [Conley's petition] without first appointing counsel?

2. Was court[-]appointed counsel ineffective for not advising [Conley] that his P.C.R.A. was denied and his right to appeal?

Conley's Brief at 2 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the

_____

[2] The docket reflects that Conley's notice of appeal was received for filing on September 9, 2024, two days beyond the thirty-day period in which to file a notice of appeal. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken). However, as the thirtieth day fell on a Saturday, Conley had until Monday, September 9, 2024, in which to file his notice of appeal. *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day). Thus, the appeal is timely.

[3] The PCRA court determined that Conley's concise statement was "vague and without sufficient detail to identify the pertinent issues," and noted that it could find all issues waived on this basis. *See* PCRA Court Opinion, 1/16/25, at 1.

petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Pennsylvania Supreme Court or the Supreme Court of the United States, or at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

On June 5, 1991, the trial court sentenced Conley. As he did file an appeal, his judgment of sentence became final thirty days later, on July 5, 1991. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 903(a). As a result, Conley had one year from that date, until July 5, 1992, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). As Conley filed the instant petition on June 8, 2024, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). These exceptions are as follows:

- 4 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

In the instant matter, Conley did not acknowledge the untimeliness of his petition, nor did he allege or prove any exception to the PCRA's one-year time bar. Thus, he failed to invoke the PCRA court's jurisdiction.[4] Accordingly, we affirm the order dismissing Conley's untimely third PCRA petition.

_____

[4] We further note that an indigent criminal defendant has a rule-based right to the assistance of counsel on his **first** PCRA petition. **See** Pa.R.Crim.P. 904(C). We emphasize that this was Conley's **third** PCRA petition. Moreover, pursuant to Rule 904(D), the PCRA court was not required to appoint counsel for Conley's serial petition unless he established that an evidentiary hearing was required. **See** Pa.R.Crim.P. 904(C). On the record before us, Conley did not invoke any timeliness exception, let alone make any showing that an evidentiary hearing was required to resolve any factual issue. Finally, while not mandatory, Rule 904(E) permits the PCRA court to exercise its discretion to appoint counsel for a petitioner in connection with a serial petition "whenever the interests of justice require it." Pa.R.Crim.P. 904(E). Conley
*(Footnote Continued Next Page)*

- 5 -

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/20/2025

---

has not presented any argument on appeal that the interests of justice required the appointment of counsel for his untimely third petition.